**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00363-CR**
_____

**MONICA RAYSHELL JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Court at Law No. 2**
**Jefferson County, Texas**
**Trial Cause No. 295232**

**MEMORANDUM OPINION**

Challenging the legal and factual sufficiency of the evidence supporting her conviction, Monica Rayshell Jones appeals from a jury verdict resulting in her conviction for assaulting a family member, her aunt. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2014);[1] *see also* Tex. Fam. Code Ann. § 71.003

_____

[1]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

1

(West 2014) (providing that "'[f]amily' includes individuals related by consanguinity or affinity"). We affirm the trial court's judgment.

## Standard of Review

Legal and factual sufficiency challenges are reviewed under the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In reviewing a sufficiency challenge to a conviction in a criminal case, we view all of the evidence in the light most favorable to the verdict. *Id.* at 899. Based on the evidence admitted during the trial, together with the reasonable inferences that are available from the evidence, we then determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). This standard allows the jury to weigh the evidence, to fairly resolve any conflicts in the testimony, and to draw reasonable inferences from the basic facts. *Id.*

## Analysis

The State charged Jones with unlawfully injuring C.R. by using her fist to strike her in the head and chest. To prove that a defendant unlawfully assaulted someone, the State must prove, beyond a reasonable doubt, that the defendant intentionally, knowingly, or recklessly caused bodily injury to another. *See* Tex.

Penal Code Ann. § 22.01(a)(1). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(8) (West Supp. 2014). The Court of Criminal Appeals has explained that "[a]ny physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

Jones does not dispute that C.R. is her aunt. According to C.R., she was helping Jones raise her four children; she had temporary joint conservatorship of two of Jones' children when the assault occurred. C.R. indicated that she was attempting to exercise her visitation rights when Jones assaulted her. Anticipating that Jones might not allow the children to go with her when she came to pick them up, C.R. indicated that she called 911 to request that someone be sent to standby when the exchange occurred. According to C.R., she was waiting in her car near Jones' house when Jones pulled up beside her, came up to her window, and hit her in the chin and chest. When C.R. was assaulted, no one had yet arrived in response to her request for assistance. C.R. described the blows Jones inflicted as painful. Photographs depicting C.R.'s injuries and the recording of C.R.'s calls to 911 were admitted as evidence during the trial.

Officer William Gilmore was dispatched in response to the report of an assault. When he arrived, he saw that C.R. was upset, that she had an injury to her

lip, and that she had a scratch on her chest. C.R. told him that Jones had assaulted her.

Jones also testified during her trial. According to Jones, she was not at home when C.R. claimed she was assaulted. She testified that she was at her uncle's house when C.R. claimed the assault occurred. According to Jones, she neither knew that C.R. had been given visitation rights, nor did she know that C.R. was coming to her house to pick up her children. Jones explained that had she known that C.R. had been given visitation rights, she would have allowed her children to go with C.R. because she had no reason to prevent C.R. from taking the children. According to Jones, C.R. fabricated the claim of assault because C.R. wanted to have custody of two of the children.

In her brief, Jones describes the evidence relating to the assault as poor to nonexistent, but does not explain why the jury was not free to believe C.R.'s testimony that she knew Jones to be the person who assaulted her. The jury could reasonably infer from the evidence that Jones had knowingly, intentionally, or recklessly inflicted a painful injury to C.R.'s head and chest. The jury was also free to reject Jones' testimony and to believe the testimony given by C.R.

In reviewing a case where the issue is whether the evidence is sufficient to support a verdict, we are not to substitute our judgment for the factfinder's;

instead, we are required to give the jury deference, so that it can exercise its responsibility to fairly resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts admitted in the case at trial. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in the light most favorable to the verdict, the evidence allowed the jury to find that Jones assaulted C.R. beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Gear*, 340 S.W.3d at 746. We overrule Jones' sole issue, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 22, 2014
Opinion Delivered November 5, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

5